UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CASE NO.: 2:18-cv-02009

BRYAN E. GLYNN,

    Plaintiff,

v.

BURNING DESIRE, LLC,

    Defendant.

## STANDARD TRACK SCHEDULING ORDER

    Plaintiff BRYAN E. GLYNN, by and through his undersigned counsel, hereby submits this Unilateral Proposed Scheduling Order. Counsel for Plaintiff attempted to confer with counsel for Defendants on May 25, 2018 by telephone, and on May 25, 2018, May 29, 2018, and May 30, 2018 by email and did not receive any response. The following dates are proposed by Plaintiff pursuant to the Court's Order [DE 10] to file a Proposed Scheduling Order:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**:   June 14, 2018

**MOTIONS TO JOIN PARTIES**:   July 31, 2018

**MOTIONS TO AMEND PLEADINGS**:   July 31, 2018

**MOTIONS TO DISMISS**:   August 31, 2018

**COMPLETING ALL DISCOVERY**:   November 12, 2018

   (a) **WRITTEN DISCOVERY**:   October 12, 2018
   (b) **DEPOSITIONS**:   November 12, 2018

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

   **(a) DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF)
      RULE 26(a)(2) EXPERT INFORMATION**:   September 12, 2018

(b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**:   October 12, 2018

(c) **EXPERT WITNESS DEPOSITIONS**:   November 12, 2018

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: November 26, 2018

**SUPPLEMENTATION UNDER RULE 26(e)(2)**:  November 12, 2018

**FILING DISPOSITIVE MOTIONS**:   December 12, 2018

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have not conferred as to whether they will seek discovery of electronically stored information (e-discovery) have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties e-discovery plan.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately [insert number] days.

The parties are ordered to engage in ADR before the close of discovery. Pursuant to Local Rule 16.2(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

Dated:  June 7, 2018    Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number 98220
joel.rothman@sriplaw.com

**SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC**
4651 North Federal Highway
Boca Raton, FL  33431
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Bryan E. Glynn*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on June 7, 2018, a true and correct copy of the foregoing document was served by electronic mail by the Court's CM/ECF System to all parties listed below on the Service List.

                                         */s/ Joel B. Rothman*
                                         JOEL B. ROTHMAN

## SERVICE LIST

Mr. Taurus Bailey
Law Office of Taurus Bailey
22 North Front Street
Suite 1060
Memphis, TN 38103
tbaileylawoffice@gmail.com

Attorney for Burning Desire, LLC

SCHNEIDER ROTHMAN INTELLECTUAL PROPERTY LAW GROUP, PLLC
4651 NORTH FEDERAL HIGHWAY
BOCA RATON, FL  33431